Williams, Judge,
delivered the opinion of the court:
The plaintiff, Lieutenant Colonel William C. Porter, of the Medical Corps, United States Army, sues to recover rental allowances while detailed to duty at the Gorgas Hospital, Canal Zone, for the period July 5, 1935, to June 30, 1936.
On October 17, 1934, the Secretary of War directed the plaintiff to proceed to the Canal Zone and report to the Governor for assignment to duty. He reported to the Governor on February 5, 1935, and was instructed by him to report to the Superintendent of the Gorgas Hospital for duty. The plaintiff reported to the Superintendent of the hospital and was assigned to duty as a physician in the Health Department of the Panama Canal. While detailed at the hospital plaintiff was under the control of the Governor of the Canal Zone and the superintendent of the hospital for professional work only. For all other purposes, including military administration and discipline, he was under the control of the Commanding General of the Panama Canal Department.
*177 During the period of the claim plaintiff had a wife and minor son who arrived in the Canal Zone in June 1935. Plaintiff requested an assignment to quarters and on June 18, 1935, he was assigned quarters at Ancon, Canal Zone, which were occupied by him and his dependents throughout the period of the claim. These quarters were under the jurisdiction of, and owned and controlled by the Panama Canal. They were not under the authority or jurisdiction of Army officers. The plaintiff at no time while occupying these quarters made objection as to their adequacy.
During the time these quarters were occupied by the plaintiff and his dependents, he paid to the collector of the Panama Canal a rental of $515.24, which included charges for water, care of grounds, use of electric range and heater, drayage and repairs to furniture, and electric current. He was thereafter reimbursed that amount by the Finance Officer of the United States Army. Subsequently, he was required to repay the sum of $50.11 for drayage and excess electricity. This resulted in plaintiff receiving the sum of $465.13 on account of rental allowances during the period.
The defendant contends that plaintiff is not entitled to recover because of the provisions of the act of April 26, 1934, making appropriations for the War Department for the fiscal year ending June 30, 1935, 48 Stat. 614, 618, which reads as follows:
no rental allowance shall accrue to any officer of the Government in consequence of the provisions found in section 10, title 37, United States Code, while occupying quarters at his permanent station not under the jurisdiction of the service in which serving but which belong to the Government of the United States, * * * in excess of the rental rate charged for such quarters * * *.
This provision was reenacted in the act of April 9, 1935, 49 Stat. 120, 124, making appropriations for the War Department for the fiscal year ending June 30, 1936, which covers the period of plaintiff’s claim.
The report of the Committee on Military Affairs of the House of Representatives on the War Department appro *178 priation bill for the fiscal year ending June 30, 1935 (Kept. No. 869, accompanying H. E. 8471, 73d Congress, 2d Session), explained the purposes of the foregoing provisoes follows:
On page 12 of the bill a new provision appears directed against officers on duty in the Canal Zone occupying quarters the property of the Government or the Government-owned Panama Eailroad Co. The committee is advised that there are a number of instances where officers are occupying such quarters, to the exclusion of Canal employees, at a very nominal rental and at the same time continue to draw from the Government their full rental allowances because the quarters are not “assigned” in the ordinary sense. Officers assigned public quarters are not entitled to an allowance for quarters. If officers wish to continue in occupancy of quarters such as here referred to, they should be required to forfeit their rental allowance.
Plaintiff contends that the proviso in the act of April 9, 1935, supra, did not apply to him while he was assigned to duty with the Governor of the Panama Canal and occupying quarters under the jurisdiction of the Panama Canal because he was an employee of the Panama Canal and while occupying such quarters he was entitled to rental allowances.
The proviso is plain and unambiguous. Its purpose was to reduce the rate fixed for rental allowances in section 2 of the act of May 31,1924 (43 Stat. 250), to an amount sufficient to pay the rental rate charged for public quarters in the Panama Canal Zone, which were owned by the United States. It was intended to treat all officers detailed to duty in the Panama Canal as though they were assigned public quarters by the service in which they were commissioned and serving and to reimburse them the amount charged as rental of the quarters they would have been furnished without cost had such quarters been under the jurisdiction of and assigned for their occupancy by the service in which they were commissioned and serving.
The fact that plaintiff during the period of the claim was serving in the Army, occupying public quarters which were not under the control and jurisdiction of the service (Army) in which he was serving brings him squarely within the *179 scope of tlie proviso in the act of April 9, 1985, and precludes his right to recover.
In the light of the proviso limiting the payment of rental allowances, plaintiff was actually furnished without cost public quarters for the occupancy of himself and his dependents, and his situation is no different than had he been ordered to duty at an Army post and assigned quarters by the commanding officer of the post. Having been reimbursed the amount he was required to pay for rental of quarters during the period he was detailed to duty in the Panama Canal, plaintiff is not entitled, under the act of April 9, 1935, to recover an additional amount as rental allowances for that period, and the petition will have to be, and is hereby, dismissed.
It is so ordered.
Whaley, Judge; Littleton, Judge; Green, Judge; and Booth, Chief Justice, concur.